IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PEARLINE POPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 14 C 643 |
| v. | ) | |
| | ) | Jeffrey T. Gilbert |
| CAROLYN W. COLVIN,[1] | ) | Magistrate Judge |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Pearline Pope ("Claimant") applied for disability insurance benefits and supplemental security income pursuant to the Social Security Act, 42 U.S.C. §§ 416 and 423. Respondent Carolyn Colvin, Acting Commissioner of Social Security ("Commissioner"), denied her applications for disability insurance benefits and supplemental security income. Claimant filed this action pursuant to 42 U.S.C. § 405(g), seeking review of the Commissioner's decision. The parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1 for all proceedings, including entry of final judgment. [ECF No. 7]. Claimant filed a Motion to Reverse the Decision of the Commissioners of Social Security [ECF No. 18], seeking reversal of the Commissioner's decision or remand for further proceedings. For the reasons stated herein, Claimant's Motion [ECF No. 18] is granted. The case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Carolyn W. Colvin automatically is substituted as the Defendant in the case. No further action is necessary to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

# I. PROCEDURAL HISTORY

## A. Background

On March 2, 2011 and March 7, 2011, Claimant filed applications for disability insurance benefits and supplemental security income alleging disability onset date beginning July 15, 2010. (AR 149, 151). Claimant's applications were denied initially on July 15, 2011, and again after reconsideration on September 21, 2011. (AR 11). On September 29, 2011, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (AR 11). The ALJ held a hearing on May 24, 2012. (AR 11). Claimant appeared and testified at the hearing and was represented by an attorney. A vocational expert also testified at the hearing. (AR 66-75). On June 27, 2012, the ALJ denied Claimant's applications for disability insurance benefits and supplemental security income and found that she was not disabled under sections 216(i) and 223(d) of the Social Security Act. (AR 11-24, 30).

Following the ALJ's written decision, Claimant filed a Request for Review with the Appeals Council to review evidence from her treating physician on her functional limitations. (AR 7). The Appeals Council denied the Request for Review on November 26, 2013, concluding that the medical records from Claimant's treating physician did not provide a basis for changing the ALJ's decision, thus rendering the ALJ's decision as the Commissioner's final decision. (AR 2). Claimant now seeks judicial review of the Commissioner's final decision. This Court has jurisdiction pursuant to 42. U.S.C. § 405(g) and § 1383(c).

## B. The ALJ's Decision

In a written opinion dated June 27, 2012, the ALJ denied Claimant's applications for disability insurance benefits and supplemental security income and found that Claimant was not disabled under sections 216(i) and 223(d) of the Social Security Act. (AR 11-24). At step one, the ALJ found that Claimant had not engaged in a substantial gainful activity since the alleged

onset date and had met her insured status requirements of the Social Security Act through March 31, 2014. (AR 13). At step two, the ALJ concluded that Claimant had the following severe impairments: asthma and affective disorder. (AR 13). At step three, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416. 920(d), 416.925, and 416.926). (AR 13-15).

At step four, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. 404.1567 and 416.967(c) and that she could lift and/or carry 50 pounds occasionally and 25 pounds frequently. (AR 15). Additionally, the ALJ concluded that Claimant could be on her feet standing and/or walking for 6 hours in an 8-hour workday and can sit for 6 hours in an 8-hour workday. (AR 15). However, the ALJ found that Claimant was unable to work at heights or frequently climb ladders and should avoid concentrated exposure to fumes, dusts, odors, gases, or poorly ventilated areas. (AR 15). He also determined that she may only have casual interaction with the public and would be expected to be off task 4% of the time in an 8-hour workday. (AR 15).

At step five, the ALJ concluded that Claimant could not perform her past relevant work and determined that she was an individual closely approaching advanced age on the alleged onset date, but subsequently changed her category to advanced age. (AR 23). With respect to transferability of job skills, the ALJ concluded that it was not material to the disability determination after utilizing the Medical-Vocational Rules as a framework in reaching his conclusion. (AR 23). Considering Claimant's age, education, work experience, and RFC, the ALJ concluded that there were jobs that existed in significant number the national economy that

Claimant could perform, such as hand packager (D.O.T. 920.587-018), food service worker (D.O.T. 319.677-014), and a dining room attendant (D.O.T. 311.677-018). (AR 24). Accordingly, the ALJ concluded that Claimant was not disabled as defined within the Social Security Act at any time from the alleged onset date through the date of the ALJ's opinion. (AR 24).

## II. STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the final decision of the Social Security Administration and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). A court reviewing the findings of an ALJ thus will reverse the findings of the Commissioner "only if they are not supported by substantial evidence or if they are the result of an error of law." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pepper v. Colvin*, 712 F.3d 351, 361–62 (7th Cir. 2013) (quoting *Richardson v. Perales*, 402 U.S. 389, 40 (1971)).

A court reviews the entire administrative record, but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (citation omitted). In other words, when reviewing an ALJ's decision, the question is not whether the claimant is, in fact, disabled; rather, the reviewing court will affirm so long as the ALJ applied the correct legal standard and substantial evidence supported the decision even if reasonable minds could differ concerning the ultimate conclusion on disability. *See Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012).

An ALJ must build "an accurate and logical bridge" from the evidence to his conclusion. *Craft v. Astrue,* 539 F.3d 668, 673 (7th Cir. 2008). "If a decision 'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Kastner v. Astrue,* 697 F.3d 642, 646 (7th Cir. 2012) (quoting *Steele v. Barnhart,* 290 F.3d 936, 940 (7th Cir. 2002)); *see also Villano v. Astrue,* 556 F.3d 558, 562 (7th Cir. 2009) ("If the Commissioner's decision lacks adequate discussion of the issues, it will be remanded.") "Although an ALJ need not mention every snippet of evidence in the record, the ALJ must connect the evidence to the conclusion; in so doing, he may not ignore entire lines of contrary evidence." *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012).

### III. ANALYSIS

Claimant argues that this matter should be reversed or remanded because: (1) the ALJ's RFC is not supported by substantial evidence; and (2) the ALJ failed to evaluate properly Claimant's credibility. After reviewing the parties' briefs and the administrative record, the Court concludes that the ALJ's RFC is not supported by substantial evidence. Therefore, remand is appropriate.

**A.    The ALJ's RFC Is Not Supported By Substantial Evidence**

Claimant argues that the ALJ erred when he failed to construct a logical bridge between the evidence in the record and his assessment of her RFC. Specifically, Claimant argues that the ALJ failed to explain how the record evidence supported his assessment that Claimant could perform medium work. The Court agrees with Claimant. The Court notes that the ALJ here did a very good job reviewing and summarizing the medical evidence in the record. The ALJ, however, failed to draw a logical bridge from his discussion of the medical evidence to his ultimate findings regarding Claimant's RFC that she could perform medium work. The Court

5

finds that the ALJ erred when he failed to explain adequately how the medical evidence, in conjunction with Claimant's testimony, supported his RFC finding of medium work.

Medium work is defined as work involving lifting no more than 50 pounds with frequent lifting or carrying of objects up to 25 pounds. *See* 20 C.F.R. § 404.1567(c). Additionally, medium work also requires a person to stand or walk, off and on, for approximately 6 hours in an 8-hour workday. *See* SSR 83-10. At the hearing, however, Claimant testified that she only could lift up to 15 to 20 pounds at one time and carry only 10 pounds. (AR 53). Furthermore, Claimant testified that because of her symptoms from her asthma, such as shortness of breath, and her chest pains she found it difficult to answer and make calls as a collector in her previous work. (AR 58). Claimant's testimony regarding the impact her symptoms had on her work was supported in part by observations made by a human resource manager at the collection agency where Claimant had worked previously. (AR 216). Specifically, the administrator stated in a letter that "[Claimant's] health did not allow her to continue employment with us" after indicating that she left work often due to her medical conditions. (AR 216). Claimant also testified that her chest pain, which was exacerbated by physical activity, such as walking too long or walking up a flight of stairs, began to occur two to three times a week with little activity. (AR 58-59).

The Commissioner argues that, contrary to Claimant's arguments, the ALJ discussed her medical treatment at length and noted Claimant's reports of chest pain, asthma, and shortness of breath but ultimately found that there were no "objective findings" or physical findings" in the record. (AR 22). A lengthy discussion of a claimant's medical history and the evidence in the record, however, is not equivalent to or a substitute for an explanation of how or why the medical evidence supports a finding that Claimant is capable of performing at a medium work

level. An ALJ's failure to explain how he arrived at his conclusions in a RFC assessment is sufficient to warrant reversal of an ALJ's decision. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005) (citing SSR 96-8p). Here, the ALJ failed to explain, in light of evidence in the record that Claimant was diagnosed with cardiac arrhythmia, experienced shortness of breath from exertion, and had trouble completing a stress test, how Claimant has a RFC for medium work.

A general discussion of the medical record does not satisfy the ALJ's obligation to explain how he arrived at his conclusion and to create the logical bridge from the evidence to his conclusion. *See Samuel v. Barnhart*, 316 F. Supp. 2d 768, 772 (E.D. Wis. Apr. 29, 2004) ("By failing to include in his narrative discussion a description of how the medical evidence supported his findings, the ALJ committed a clear error of law."); *see also Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) (remanding the case after the ALJ failed to explain how she reached her conclusions about the plaintiff's physical capabilities in assessing her RFC). Specifically, the ALJ failed to explain how he resolved the discrepancies between Claimant's complaints of chest pain and asthma attacks with an ability to perform at the medium work level. There are some treatment notes in the record that find "atypical chest tightness, palpitations, and mild [shortness of breath, and] dizziness…." (AR 493, 719-720). There also is some evidence in the record indicating Claimant suffered pain in her left extremities and experienced shortness of breath with any exercise, and the ALJ did not account for such evidence when making his RFC determination. *See Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) (holding that the "ALJ improperly discredited [claimant's] complaints of disabling pain and ignored evidence that might impact [claimant's] ability to sit, walk, stand, lift, carry, or bend on a prolonged basis [when] there is some evidence to bolster this claim").

7

It is not clear to this Court how, and based on what evidence, the ALJ concluded that Claimant could perform at a medium level work level. Therefore, on this record, the ALJ's conclusion that Claimant has the RFC to perform medium work is not supported by substantial evidence. Remand is required so that the ALJ can provide a better explanation as to how he reached his conclusion that Claimant could perform medium work. The Court notes that the ALJ's ultimate conclusion that Claimant is not entitled to disability insurance benefits or supplemental security income very well may be correct, but the Court cannot review the soundness of that decision on the record before it under the controlling legal framework without more explanation from the ALJ.

**B.   Claimant's Additional Arguments**

Claimant also argues that the ALJ erred in his credibility analysis. Because the Court already has determined that remand is appropriate, the Court declines to address this argument. The Court also declines to determine whether the Appeals Council committed legal error by finding that the additional evidence submitted by Claimant did not provide a basis for reversing the ALJ's decision. On remand, however, the Court inquires whether it would be appropriate for the ALJ to consider the evidence Claimant submitted after the hearing, particularly in light of the fact that the ALJ in his opinion specifically noted that "the record does not include any opinions of the claimant's treating physicians indicating the claimant has restrictions of daily activities." (AR 22).

### IV. CONCLUSION

For the reasons set forth above, Claimant's Motion to Reverse the Decision of the Commissioners of Social Security [ECF No. 18] is granted. This matter is remanded to the

Social Security Administration for further proceedings consistent with the Court's Memorandum Opinion and Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 11, 2016